IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-200-GPM |
| | ) |
| MICHAEL RANDLE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　　(1) is frivolous, malicious, or fails to state a claim on which relief
> 　　may be granted; or
> 　　(2) seeks monetary relief from a defendant who is immune from such
> 　　relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Liberally construing the complaint, it appears that while confined in the Robinson Correctional Center (Robinson), Plaintiff and another inmate, Defendant Jerome Hereford, got into a physical altercation. It further appears that both Plaintiff and Hereford were taken to the segregation unit at Robinson pending an investigation into the incident. There appears to be a dispute over what happened next.

According to the view of prison officials, Plaintiff admitted to the guard escorting him to the segregation unit that Plaintiff had, in fact, kicked inmate Hereford in the leg. Plaintiff denies making such a statement.

It further appears that Defendant Brookhart was assigned to investigate the incident, including interviewing the guard to whom Plaintiff allegedly made the admission and, at the end of the investigation, Plaintiff. Plaintiff contends, however, that Brookhart did not conduct an adequate investigation before interviewing him. Specifically, Plaintiff states that during his interview he told

Brookhart that he suffered broken ribs as a result of the fight. Plaintiff further alleges "then Defendant Brookhart … ask[s] me how I knew that [I had two broken ribs]." Plaintiff responded that the doctor told him. Plaintiff contends that if Brookhart had conducted an adequate investigation, Brookhart should have known that Plaintiff had broken ribs. Plaintiff claims that Brookhart's failure to conduct an adequate investigation violated Plaintiff's Fourth Amendment, Eighth Amendment, and Due Process rights.

Plaintiff also alleges that during the interview, Brookhart told him to sign a statement. Plaintiff initially refused to sign the statement because it contained inaccurate information. Brookhart allegedly told Plaintiff that if he failed to sign the statement, Plaintiff would be charged with impeding an investigation and that he would make sure that Plaintiff would "get … a year across the board" as a sanction.

As a result of his investigation, Brookhart concluded that Plaintiff had kicked inmate Hereford and that Plaintiff had provided false information (i.e., by denying he made the admission about kicking Hereford). Accordingly, Brookhart issued Plaintiff a disciplinary report for (1) fighting and (2) giving false information to an employee. Defendant Fulling conducted a disciplinary hearing and found Plaintiff guilty of both disciplinary infractions. As a result, the following disciplinary actions were imposed: (1) 1 month on C-grade; (2) 1 month on segregation; (3) revocation of 1 month of good conduct credit; and (4) disciplinary transfer. Plaintiff contends that this sanction is not supported by sufficient evidence.

Plaintiff's complaint asserts that other reports concerning the incident with Hereford contradict certain aspects of Brookhart's investigation and disciplinary report. Consequently, Plaintiff appears to contend that he is actually innocent of both fighting and giving false information.

**DISCUSSION**

When, as here, a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).[1] In the usual case, an inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than non-disciplinary segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).[2] After *Sandin* "the right to litigate disciplinary confinements has become vanishingly small" for inmates confined in the typical Illinois prison. *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period

---

[1] Plaintiff's claims that a proper investigation and hearing were not conducted are properly characterized as due process claims. The Court can find no legal basis for also construing Plaintiff's allegations as violations of either the Fourth Amendment or the Eighth Amendment.

[2] If the inmate is already housed at the most restrictive prison in the state, determining the baseline for measuring what constitutes "atypical and significant hardship" is more difficult. *See Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (noting difficulty in establishing a baseline from which to measure what is atypical and significant in any particular prison; but finding harsh conditions at Ohio's "supermax" prison to impose atypical and significant hardship under any plausible baseline). In Illinois, the most restrictive prison is currently Tamms Correctional Center and the harsh conditions there may constitute "atypical and significant hardship" so as to create a liberty interest. *See Westefer v. Snyder*, 422 F.3d 570, 588-90 (7th Cir. 2005). The Court need not address the matter in this case because Petitioner is not confined at Tamms .

that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case, however, Plaintiff also alleges that he lost good conduct credit. A loss of good conduct credit does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. However, the proper method for challenging the revocation of good time credit is habeas corpus – not a § 1983 action. And Plaintiff can bring such a habeas corpus action only after he has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. Ct. 2004), *citing Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. Ct. 1981). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq.*, to consider the merits of Plaintiff's due process claim.

### DISPOSITION

For the foregoing reasons, this action is **DISMISSED** for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. The dismissal is without prejudice to Plaintiff bringing his due process claim in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

DATED:  10/20/10

                                                s/ *G. Patrick Murphy*
                                                G. PATRICK MURPHY
                                                United States District Judge